IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph Lee McFadden, # 346693, | ) |
| Plaintiff, | ) Civil Action No. 4:13-622-MGL |
| vs. | ) |
| | ) ORDER AND OPINION |
| John C. Jepertinger, | ) |
| Defendant. | ) |

This matter is before the Court upon the Magistrate Judge's Report and Recommendation ("Report") recommending the Court summarily dismiss Plaintiff's complaint without prejudice and without issuance and service of process because the complaint is barred by the doctrine of prosecutorial immunity. (ECF No. 14). For the reasons set forth below, the Court agrees with the Report and summarily dismisses Plaintiff's complaint without prejudice and without issuance and service of process.

**BACKGROUND**

Plaintiff Joseph Lee McFadden, an inmate in the South Carolina Department of Corrections, proceeding pro se, brought this Section 1983 action alleging that his constitutional rights were violated when second-degree burglary charges filed against him were dismissed by Defendant Deputy Solicitor John C. Jepertinger. Plaintiff alleges that the dismissal of the charges prevented him from confronting those who were witnesses against him concerning the charge. Plaintiff seeks compensatory and punitive damages.

Pursuant to 28 U.S.C. § 636(b) (1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC, the case was assigned to a Magistrate Judge. The Magistrate Judge reviewed the complaint pursuant to the

1

procedural provisions of 28 U.S.C. § 1915. On April 11, 2013, the Magistrate Judge issued a Report recommending that Plaintiff's complaint be summarily dismissed, without prejudice and without issuance and service of process because Plaintiff's complaint is barred by the doctrine of prosecutorial immunity. (ECF No. 14).

On April 19, 2013, Plaintiff filed a motion to amend his complaint. (ECF No. 17). Then, on April 24, 2013, Plaintiff filed objections to the Report indicating that he had previously filed a motion to amend. (ECF No. 18). On, May 13, 2013, the Court, in an abundance of caution, declined to conduct a *de novo* review of the Report and referred the case back to the Magistrate Judge for further review and consideration based upon Plaintiff's motion to amend. (ECF No. 20). Plaintiff has now filed a motion to withdraw his motion to amend and asks the Court to review the Report along with his objections. (ECF No. 25).

**LEGAL STANDARD**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made. However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings

or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Under 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss a prisoner's action if it determines that the action: "(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In reviewing these pleadings, the Court is mindful of Plaintiff's pro se status. This Court is charged with liberally construing the pleadings of a pro se litigant. See, *e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir.2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir.2012).

## DISCUSSION

Upon review, the Court agrees with the Magistrate Judge that Plaintiff's case should be summarily dismissed because Defendant enjoys prosecutorial immunity. *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (holding absolute immunity "is an immunity from suit rather than a mere defense to liability"). Further, the Court agrees that it is well settled that prosecutors are absolutely immune from liability for damages based on their decisions about "whether and when to prosecute." *Lyles v. Sparks*, 79 F.3d 372, 377 (4th Cir.1996). This immunity extends to assistant solicitors. *See e.g., Cribb v. Pelham*, 552 F.Supp. 1217, 1226 (D.S.C.1982).

As noted above, Plaintiff filed objections to the Magistrate Judge's Report which the Court has carefully reviewed. However, Plaintiff's objections provide no basis for this Court to deviate from the Magistrate Judge's recommended disposition. Plaintiff's objections are non-specific and

3

are unrelated to the dispositive portions of the Magistrate Judge's Report and as such have no merit.

## CONCLUSION

After a thorough review of the Report, the record, and the applicable law, the Court finds Plaintiff's objections are without merit. Accordingly, the Court adopts the Report and incorporates it herein. It is therefore ORDERED that the complaint is DISMISSED without prejudice and without issuance and service of process.

AND IT IS SO ORDERED.

s/Mary G. Lewis<br>United States District Judge

May 28, 2013
Florence, South Carolina